IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## MICHAEL ADAMS v. LACANDRA KENDRICK ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-1779-24      Gina C. Higgins, Judge**

———————————————————————

**No. W2024-01761-COA-R3-CV**

———————————————————————

*Pro se* Appellant, Michael Adams, has appealed an order of the Shelby County Circuit Court that was entered on November 1, 2024. We determine that the trial court's order does not constitute a final appealable judgment. As a result, this Court lacks jurisdiction to consider this appeal. The appeal is, therefore, dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; KENNY ARMSTRONG, J.; CARMA DENNIS MCGEE, J.

Michael Adams, Memphis, Tennessee, Pro Se.

Lacandra Kendrick, Memphis, Tennessee, Pro Se.

Sandra Kendrick, Memphis, Tennessee, Pro Se.

**MEMORANDUM OPINION[1]**

Pursuant to Tenn. R. App. P. 13(b), the Court has reviewed the record on appeal in this case to determine whether the Court has subject matter jurisdiction over the appeal. The order to which the Notice of Appeal is directed does not appear to be "a final judgment

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

adjudicating all the claims, rights, and liabilities of the parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

On November 23, 2024, Appellant appealed an order of the trial court entered on November 1, 2024. Appellant submitted a copy of the trial court's order to the Clerk of this Court on November 25, 2024. The trial court's order denies Appellant's request for a default judgment against Appellees. On December 17, 2024, Appellees filed a Motion to Dismiss, asserting that the trial court order from which Appellant appeals is not a final order.

On January 7, 2025, this Court entered an order directing Appellant to, within twenty (20) days, "either file with the Clerk of this Court a copy of the order from which he is appealing if such order is different from the trial court order referenced herein or otherwise show cause in this Court why the appeal should not be dismissed for lack of jurisdiction." On January 26, 2025, Appellant filed a response, which failed to supplement the appellate record with a final judgment. Further, Appellant's response did not provide any explanation or argument as to whether the trial court's order was a final, appealable order. In summary, Appellant has failed to show good cause why this appeal should not be dismissed for lack of a final judgment.

As the order appealed does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. Thus, the appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, Michael Adams, for which execution may issue.

PER CURIAM

- 2 -